Dear Mr. Hoffert:
This letter is in response to your question asking:
 Does the State Tax Commission of Missouri possess the statutory authority to convene assessors' training schools to be conducted by a professional assessment organization, to pay the assessors' tuition for the schools, and to pay a per diem to attending officials, as set forth in the budget request of the Commission and as included in an appropriation bill enacted by the General Assembly?
You also state:
 In the last session of the General Assembly an appropriation bill was enacted funding the State Tax Commission for FY 1980. The State Tax Commission had included $70,750 in its budget request for a priority item entitled `Assessor Education.' This amount was granted to the Commission in its operations allotment. Included in the $70,750 was $31,250, appropriated for the purpose of providing a $25.00 per diem reimbursement to assessing officials who attend assessor training schools and $27,500 to cover the cost to the Commission of providing for a professional assessment organization to conduct the schools.
 The Office of Administration has expressed the opinion that there is insufficient statutory authority for the Commission to authorize the payment of the per diem to attending officials.
We also understand that it is anticipated that the courses of instruction will be given at approximately four locations in Missouri. The $25.00 per diem expense allowance is intended to cover the personal expenses of the assessors in attending such a meeting and mileage expenses will not be paid to such assessors in attending such meeting.
However, in order to accomplish these objectives, it is necessary that the State Tax Commission have the requisite statutory authority. Unquestionably, the Commission has general statutory authority over assessing officials pursuant to § 138.410, RSMo 1978, but this section cannot be used to expand the Commission's power into an area specifically covered by other sections of law. The appropriation of money by the general assembly does not constitute authority for the Commission to act because legislation of a general character cannot be included in an appropriations bill. SeeState ex rel. Davis v. Smith, 75 S.W.2d 828, 830 (Mo. 1934), and State ex rel. Gaines v. Canada, 113, S.W.2d 783, 790 (Mo. En banc 1937).
Section 138.450, RSMo 1978, authorizes the Commission to call an annual group meeting of two or more assessors and to reimburse them for actual transportation expenses at the same rate as that established by the Commissioner of Administration under the provisions of § 33.090, RSMo. Per diem for such meetings is set at $9.00. More importantly, § 53.091, RSMo 1978, specifically deals with the assessment studies required of assessors. section 53.091 reads as follows:
 The assessors of this state, in addition to their other duties, shall attend a course of studies as prescribed by the state tax commission as is herein provided. Such studies shall be designed to develop standardized means and methods of assessment of and a professional competence regarding assessments of real property and tangible personal property. The state tax commission shall establish such a course containing a curriculum containing the practices and procedures of assessors. Instructors shall be persons of professional competence from the staff of the state tax commission and such county assessors as the commission may deem to have adequate qualifications and professional experience. Each assessor shall as early in his term as is reasonably convenient attend such course at location and time set by the commission, and upon completion thereof be given a certificate. From time to time, assessors may be required by the commission to attend further instruction where the need exists and facilities are available and where the commission believes such studies are necessary to have assessors current on developments in practices and procedures of assessing real and tangible personal property, and the expenses for attending such course of study shall be reimbursed in the same manner as is provided in section 138.450, RSMo.
This section deals exhaustively with the Commission's authority to hold training sessions for assessors. It not only outlines the purposes to be accomplished by such training sessions and the instructors to be utilized, said section limits the allowable expenses to those set forth in § 138.450. Therefore, it is our opinion that the appropriations mentioned in your opinion request cannot be utilized in the manner suggested.
Very truly yours,
 JOHN ASHCROFT Attorney General